UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON PECK,
    Plaintiff,

v.

LAW OFFICES OF MICHAEL R. STILLMAN, P.C.,
a Michigan corporation,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Jason Peck, through counsel, Michigan Consumer Credit Lawyers, state the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## JURISDICTION

2. This court has jurisdiction under the FDCPA. 15 U.S.C. § 1692k(d) and 28 U.S.C. §§1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in St. Clair Shores, Macomb County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the term is defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is the Law Offices of Michael R. Stillman, P.C., which is a Michigan corporation that maintains registered offices in Farmington Hills, Oakland County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Macomb County, Michigan.

7. Venue is proper in the Eastern District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff regarding a Judgment with Case Number 0509GC. This debt is in regards to a debt allegedly owed to St. John Macomb Hospital in the amount of $629.00 (the "Debt").

9. In 2005, Defendant filed a lawsuit against Mr. Peck regarding the alleged Debt and obtained a Judgment against him.

10. Defendant did not renew the Judgment that it obtained against Mr. Peck.

11. On or about June 29, 2016, Defendant filed a Request and Writ of Garnishment for Income Tax Refund/Credit against Mr. Peck regarding the alleged Debt.

12. Defendant violated the FDCPA. MCPA and MOC in that it collected on a judgment that was expired as it had not been renewed.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a "debt" under the FDCPA.

16. Defendant is a "debt collector" under the FDCPA.

17. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, status or legal amount of any debt. Defendant did this when it filed a Writ of Garnishment against Mr. Peck on an expired judgment;

    b. 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect a debt. Defendant did this when it filed a Writ of Garnishment against Mr. Peck on an expired judgment; and

    c. 15 U.S.C. § 1692f(1) by collecting an amount not permitted by law. Defendant did this when it filed a Writ of Garnishment against Mr. Peck on an expired judgment.

18. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, plus has incurred costs and attorneys' fees.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when it filed a Writ of Garnishment against Mr. Peck on an expired judgment;

    b. M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt. Defendant did this when it filed a Writ of Garnishment against Mr. Peck on an expired judgment; and

    c. M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when it filed a Writ of Garnishment against Mr. Peck on an expired judgment;

    b. MC.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt. Defendant did this when it filed a Writ of Garnishment against Mr. Peck on an expired judgment; and

    c. MCL §445.252 (q) by failing to implement a procedure designed to prevent a violation by an employee.

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

/s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

Dated: January 4, 2017